UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANNY CLAYTON,

    Petitioner,

v.                                                          Case No. 2:09-cv-252
                                                             HON. R. ALLAN EDGAR

GERALD HOFBAUER,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Danny Clayton filed this petition for writ of habeas corpus challenging his habitual offender, second offense (MCL 769.10), prison sentences of eight to thirty years for two counts of first-degree home invasion (MCL 750.110a(2)), thirty months to six years for possession of a counterfeit prescription (MCL 333.7407 (1)(f)), and twenty-four to thirty-six months for resisting or obstructing a police officer (MCL 750.81d(1)). The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision.

Petitioner raises the following claims:

    I.     The two home invasion first degree convictions should be overturned because there was insufficient credible evidence to prove the Petitioner committed them.

    II.     The Petitioner should not be convicted of resisting and obstructing a police officer as well as count I because of double jeopardy.

    III.     The Petitioner's convictions for home invasion counts I and II must be reversed since the home invasion statute is not applicable to this type of situation where there is not a continuing crime before entering the house, while present inside, and after leaving it.

  IV. The Petitioner's convictions for home invasion must be reversed because they are against the great weight of the evidence and involve a miscarriage of justice.

  V. The prosecutor's actions denied the Petitioner a fair trial and his due process rights under the Michigan and Federal Constitutions.

  VI. The Petitioner's sentence was invalid because it was based on inaccurate information.

  VII. Petitioner is entitled to resentencing.

  VIII. The Petitioner received ineffective assistance of trial counsel.

  IX. There was a jurisdictional defect in the lower court proceedings denying petitioner his state and federal constitutional right to counsel of choice.

  X. Petitioner was denied effective assistance of trial counsel where counsel without consent accepted funds from Petitioner's mother to represent Petitioner knowing a conflict of interest existed as being appointed counsel.

  XI. Petitioner was denied his state and federal constitutionally protected rights to effective assistance of appellate counsel.

  XII. The cumulative effect of multiple errors by preliminary judge, trial judge, prosecutor, trial attorney, and appellate counsel collectively denied Petitioner a fair trial and appeal of right.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of

the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is

whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner claims that the two home invasion first-degree convictions should be overturned because there was insufficient credible evidence to prove that Petitioner committed them. Petitioner argues that the prosecutor used circumstantial evidence and that inference of criminality may not be drawn because of lack of impelling certainty. Petitioner insists the prosecution offered no evidence that Petitioner entered either of the homes with the intent to commit any crimes. The Michigan Court of Appeals disagreed:

> Defendant also challenges the factual sufficiency of the evidence, arguing that the evidence was insufficient to show that he entered either of the two dwellings with the intent to resist a police officer. An appellate court's review of the evidence to sustain a conviction should not turn on whether there was any evidence to support the conviction, but whether there was sufficient evidence to justify a rational trier of fact in finding the defendant guilty beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 513-514; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). The evidence must be reviewed in a light most favorable to the prosecution. *Id.* at 515.

4

> The evidence showed that the police were pursuing defendant, had yelled for him to stop, and had informed him that he was under arrest. Immediately before defendant entered the first residence, he was involved in a physical struggle with a police officer during which defendant resisted the officer's attempts to subdue and handcuff him. The officer used pepper spray, but defendant broke free from the officer and ran. The officer chased defendant, who ran inside the residence and locked the door behind him, preventing the officer from following defendant inside. Defendant eventually left the house and the officer continued to pursue him. Defendant unsuccessfully attempted to stop some cars that were driving by. Other officers joined the pursuit, and defendant eventually ran inside an apartment. Two officers followed defendant inside and grabbed him, but defendant continued to fight and resist the officers' attempts to handcuff him. Although defendant asserts that he entered the two dwellings only to obtain relief from the effects of the pepper spray, and not to resist the police, it was up to the jury to determine defendant's intent. Viewed in a light most favorable to the prosecution, the evidence was sufficient to enable the jury to find beyond a reasonable doubt that defendant entered the two dwellings, which were both occupied, with the intent to resist or obstruct the police, contrary to MCL 750.81d(1), which is a felony. Thus, the evidence was sufficient to support defendant's two convictions of first-degree home invasion.

Michigan Court of Appeals' decision, Docket #23, at 2-3.

A federal court sitting in habeas corpus review of a state criminal trial is to determine whether there was sufficient evidence of the essential elements of the crime to justify *any* rational trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence is to be considered in the light most favorable to the prosecution. *Id.* It is clear that the evidence was sufficient to establish that petitioner committed the crime. The Michigan Court of Appeals' decision was not contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, this habeas claim should be denied.

5

Petitioner claims he should not be convicted of resisting and obstructing a police officer as well as home invasion because of double jeopardy. Once again, the Michigan Court of Appeals disagreed:

> Defendant next claims that, because his acts of resisting or obstructing a police officer formed the basis for his first-degree home invasion convictions, his conviction for both offenses violate his double jeopardy right to be protected against multiple punishments for the same offense. We disagree. Because defendant did not raise this double jeopardy issue below, this issue is unpreserved, and our review is limited to plain error affecting defendant's substantial rights. *People v Scott*, 275 Mich App 521, 524; 739 NW2d 702 (2007).
>
> "There is no multiple punishment double jeopardy violation if there is a clear indication of legislative intent to impose multiple punishments for the same offense." *People v Conley*, 270 Mich App 301, 311; 715 NW2d 377 (2006). The home invasion statute provides that "[i]mposition of a penalty under this section does not bar the imposition of a penalty under any other applicable law." MCL 750.110a(9). Similarly, the resisting or obstructing statute provides that "[t]his section does not prohibit an individual from being charged with, convicted of, or punished for any other violation of law that is committed by that individual while violating this section." MCL 750.81d(5). Because the Legislature has clearly expressed an intent to allow convictions for both first-degree home invasion and another felony for the same incident, and has similarly expressed an intent to allow convictions for resisting or obstructing a police officer and another crime committed during the same incident, defendant's convictions for both first-degree home invasion and resisting or obstructing a police officer do not violate the constitutional prohibition against double jeopardy. *Conley, supra* at 311-312.

Michigan Court of Appeals' decision, Docket #23, at 3-4. The Michigan Court of Appeals' decision was not contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Therefore, this habeas claim should be denied.

6

Petitioner asserts that his convictions for home invasion should be reversed. Petitioner argues that the home invasion statute is not applicable when there is a continuing crime before entering the house, while present inside, and after leaving it. The Michigan Court of Appeals rejected this argument:

> We first address defendant's argument that, because the offense of resisting or obstructing a police officer was a continuing offense that began before he entered the residences and because he did not enter the residences with the intent to commit a new crime inside the homes or against any of the occupants, he could not be properly convicted of home invasion under MCL 750.110a(2). We disagree. This issue presents a question of law, which we review de novo. *People v Thompson,* 477 Mich 146, 151; 730 NW2d 708 (2007). When interpreting a statute, our fundamental obligation is to ascertain the Legislature's intent from the words used in the statute. *Id.* Where the language of the statute is clear and unambiguous, we must enforce the statute as written and apply its plain meaning. *People v Barbee,* 470 Mich 283, 286; 681 NW2d 348 (2004).
>
> MCL 750.110a(2) provides: A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists: (a) The person is armed with a dangerous weapon [and] (b) Another person is lawfully present in the dwelling.
>
> Contrary to defendant's argument, the scope of MCL 750.110a(2) is not limited to felonies that a defendant intends to commit only after entering a dwelling. The statute expressly applies to a person who either "breaks and enters a dwelling without permission and, *at any time while...entering, present in, or exiting the dwelling,* commits a felony" (emphasis added). Thus, evidence that defendant broke and entered a dwelling, or entered a dwelling without permission, and committed the felony offense of resisting or obstructing a police officer at any time while entering, present in, or exiting the dwelling, is legally sufficient to support a conviction for home invasion under MCL 750.110a(2).

7

Michigan Court of Appeals' decision, Docket #23, at 2. In the opinion of the undersigned, the Michigan Court of Appeals' decision was not contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, this habeas claim should be denied.

Petitioner argues that his first-degree home invasion convictions must be reversed because they are against the great weight of the evidence. Once again, the Michigan Court of Appeals disagreed:

> Defendant also argues that the jury's verdict was against the great weight of the evidence. "This Court reviews for an abuse of discretion the trial court's denial of a motion for a new trial on the ground that the verdict was against the great weight of the evidence." *People v McCray*, 245 Mich App 631, 637; 630 NW2d 633 (2001). A verdict is against the great weight of the evidence when "the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *Id.*
>
> Conflicting testimony and issues of witness credibility are generally insufficient grounds for granting a new trial. *People v Lemmon*, 456 Mich 625, 643; 576 NW2d 129 (1998). "[U]nless it can be said that directly contradictory testimony was so far impeached that it 'was deprived of all probative value or that the jury could not believe it,' or contradicted indisputable physical facts or defied physical realities, the trial court must defer to the jury's determination." *Id.* at 645-646 (citation omitted). In light of the evidence that defendant's acts of resistance both before and after he entered the dwellings, the jury's verdict were not against the great weight of the evidence.

Michigan Court of Appeals' decision, Docket #23, at 3. Clearly, there existed sufficient evidence to convict Petitioner of the crimes. The Michigan Court of Appeals' decision was not contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or did not result in a decision that was based upon an

unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, this habeas claim should be denied.

Petitioner claims that the prosecutor committed misconduct when he made general comments about OxyContin, letters Petitioner had written to the prosecutor, the fact that Petitioner had gone through a number of attorneys, and how Petitioner changed strategies every time he was unhappy with the progress of his case. Petitioner claims that comments the prosecutor made asking Petitioner what he thought his sentence should be for possessing counterfeit prescription forms was irrelevant and highly prejudicial. Petitioner also claims that comments made by the prosecutor describing how OxyContin has become a civic problem were prejudicial. Petitioner also asserts that the prosecutor committed misconduct when he argued facts not in evidence. The Michigan Court of Appeals concluded:

> Defendant argues that the prosecutor's misconduct denied him a fair trial. Claims of prosecutorial misconduct are decided case by case and challenged comments must be reviewed in context to determine whether the defendant was denied a fair trial. *People v Bahoda*, 448 Mich 261, 266-267; 531 NW2d 659 (1995); *People v McElhaney*, 215 Mich App 269, 283; 545 NW2d 18 (1996). Defendant concedes that he did not preserve most of his claims of misconduct with an appropriate objection at trial. We review defendant's unpreserved claims for plain error affecting his substantial rights. *People v McLaughlin*, 258 Mich App 635, 645; 672 NW2d 860 (2003). Reversal is not warranted if cautionary instruction could have cured any prejudice resulting from the prosecutor's remarks. *People v Stanaway*, 446 Mich 643, 687; 521 NW2d 557 (1994).
>
> We disagree with defendant's argument that the prosecutor improperly interjected irrelevant and highly prejudicial information by questioning the pharmacist about problems associated with OxyContin and by questioning defendant about several letters that defendant wrote while the case was pending. A prosecutor is entitled to attempt to introduce evidence that he legitimately believes will be accepted by the trial court, so long as he does not prejudice that defendant. *People v Noble*, 238 Mich App 647, 660-661; 608 NW2d 123 (1999). Defendant was charged with possession of a counterfeit

> prescription form and the prosecutor's examination of the pharmacist was a good-faith attempt to explain why a person might want to use a counterfeit prescription form to obtain OxyContin. Further, the prosecutor's cross-examination of defendant about the many letters that he wrote was a good-faith attempt to show that defendant had changed his theory of the case, which was relevant to defendant's credibility. Defendant also argues that the prosecutor brought out irrelevant and highly prejudicial information when he inquired of defendant what defendant thought the appropriate punishment should be for possessing counterfeit prescription forms. However, the trial court sustained defense counsel's objection to the question, thereby preventing any prejudice to defendant.
>
> We also disagree with defendant's argument that the prosecutor argued facts not in evidence when, during closing and rebuttal arguments, he stated that defendant had claimed he broke into the dwellings because he was "high." The prosecutor's remarks were supported by a letter the defendant admitted writing. Therefore, the remarks were proper.

Michigan Court of Appeals' decision, Docket #23, at 4.

Petitioner has failed to show how his rights were violated or that any prejudice resulted from these alleged errors. Ultimately, the issue for the Court is whether the prosecutor's conduct denied petitioner a fundamentally fair trial. *Smith v. Phillips*, 455 U.S. 209, 219, 102 S. Ct. 940 (1982). *See also United States v. Carroll*, 26 F.3d 1380 (6th Cir. 1994) (adopting test for evaluation of prosecutorial misconduct on direct review); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348 (6th Cir. 1993) (applying similar test to habeas action). Inappropriate remarks or conduct by a prosecutor constitute a matter of constitutional concern only when it is egregious enough to deprive the defendant of a fair trial. *See United States v. Chambers*, 944 F.2d 1253 (6th Cir.), *cert. denied*, 112 S. Ct. 1217 (1992); *United States v. Mohney*, 949 F.2d 1397, 1400 (6th Cir. 1991), *cert. denied*, 112 S. Ct. 1940 (1992); *Paprocki v. Foltz*, 869 F.2d 281 (6th Cir. 1989). Petitioner has failed to show that the Michigan Court of Appeals' decision was unreasonable. The Michigan Court of Appeals found that Petitioner was not denied a fair trial. This decision was

not contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, this habeas claim should be denied.

Petitioner argues that his sentence was invalid because it was based on inaccurate information. Petitioner claims that improper scoring of the legislatively imposed sentencing guidelines was used, as well as use of the incorrect burden of proof, insufficient facts, and a void vagueness offense variable statute. Generally, errors in sentencing do not present a federal issue cognizable in habeas corpus proceedings. *See Johnson v. Arizona*, 462 F.2d 1352 (9th Cir. 1972); *Pringle v. Beto*, 424 F.2d 515 (5th Cir. 1970). To the extent that petitioner challenges the correctness of his sentence on the basis of state law, petitioner is not entitled to habeas review unless there has been a fundamental miscarriage of justice. *See Bagby v. Sowders*, 894 F.2d 792 (6th Cir.), *cert. denied*, 496 U.S. 929 (1990).

Furthermore, Petitioner has not set forth a federal question because his sentence was imposed within the state statutory limit. *See Haynes v. Butler*, 825 F.2d 921 (5th Cir. 1987), *cert. denied*, 484 U.S. 1014 (1988).

> [A] state trial court's sentencing decision and claims arising out of the decision are not generally constitutionally cognizable, relief may be required where the petitioner is able to show that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law. *E.G.*, *Bozza v. United States*, 330 U.S. 160, 166, 67 S.Ct. 645, 648-49, 91 L.Ed. 8181 (1947); *United States v. Jackson*, 696 F.2d 320, 321 (5th Cir. 1983); *Willeford v. Estelle*, 538 F.2d 1194, 1196-97 (5th Cir. 1976). If the sentence is within the statutory limits, the petitioner must show that the sentencing decision was wholly devoid of discretion or amounted to an "arbitrary or capricious abuse of discretion," or that an error of law resulted in the

> improper exercise of the sentence's discretion and thereby deprived petitioner of his liberty.

*Id.* at 923-924.

Petitioner's sentence does not exceed the statutory limit nor has petitioner shown that the sentence amounted to an arbitrary and capricious abuse of discretion. The Michigan Court of Appeals explained:

> Defendant, relying on *Blakely v Washington*, 542 US 296; 124 S Ct 2531; 159 L Ed 403 (2004), and related cases, argues that he is entitled to be resentenced because the sentencing court improperly relied on facts not found by the jury. In *Blakely*, the United States Supreme Court struck down as violative of the Sixth Amendment a determinate sentencing scheme in which the sentencing court was allowed to increase the defendant's maximum sentence on the basis on facts that were not reflected in the jury's verdict or admitted by the defendant. Our Supreme Court has determined that *Blakely* does not apply to Michigan's indeterminate sentencing scheme, in which a defendant's maximum sentence is set by statute and the sentencing guidelines affect only the minimum sentence. *People v Drohan*, 475 Mich 140, 159-164; 715 NW2d 778 (2006); *People v Claypool*, 470 Mich 715, 730 n 14; 684 NW2d 278 (2004). Although defendant argues that *Drohan* was incorrectly decided, this Court is bound by that decision. See *Paige v City of Sterling Hts*, 476 Mich 495, 524; 720 NW2d 219 (2006).

Michigan Court of Appeals' decision, Docket #23, at 5.

Petitioner alleges improper scoring of the legislatively imposed sentencing guidelines. Claims concerning the improper scoring of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing

guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citing *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003)). *See also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted). A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Koras,* 123 F. App'x at 213 (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). *Koras,* 123 F. App'x at 213 (quoting *United States*

13

*v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447. The Michigan Court of Appeals found that the information before the sentencing court was not materially false. The Court also found that the court did not rely on false information in imposing the sentence:

> Defendant also challenges the trial court's scoring of offense variables (OV) 9, 10, and 19. When scoring the sentencing guidelines, a court has discretion in determining the number of points to be scored, provided that evidence of record adequately supports a particular score. *People v Endres*, 269 Mich App 414, 417; 711 NW2d 398 (2006). "Scoring decisions for which there is any evidence in support will be upheld." *Id.*
>
> The trial court properly scored ten points for OV 9, two to nine victims were placed in danger of physical injury or death, MCL 777.39(1)(c). Defendant was involved in a physical struggle with two police officers who attempted to take him into custody while inside one of the dwellings. In addition, defendant entered the dwellings while on the run from the police and, therefore, placed the residents at risk of physical injury. Because each of these persons was placed in danger of physical injury during the offense, each is properly considered a victim for purposes of OV 9. MCL 777.39(2)(a); *People v Sargent*, 481 Mich 346, 347-348, 350; 750 NW2d 161 (2008). The statute does not require that a person suffer actual physical injury to qualify as a victim.
>
> The trial court scored ten points for OV 10, exploitation of a victim's physical disability or agedness, MCL 777.40(1)(b), because one of the homeowners was 63 years old and was restricted to using a walker because of a leg injury. The term "exploit" means "to manipulate a victim for selfish or unethical purposes." MCL 777.40(3)(b). In *People v Cannon*, 481 Mich 152, 158-159; 749 NW2d 257 (2008), the Supreme Court held that OV 10 should be scored only where the victim's vulnerability is readily apparent and is exploited. Defendant correctly observes that the mere existence of one or more of the statutory factors does not automatically equate with victim vulnerability. See MCL 777.40(2). However, the trial court found that the victim's physical disability was readily apparent and that

14

>defendant exploited that disability by not immediately leaving when confronted by the homeowner, instead remaining inside and moving about the house because the homeowner lacked the capacity to do anything about defendant's presence. Because the evidence established that the homeowner was using a walker to get around and that defendant, after being confronted by the homeowner, paced between front and back doors of the house, we find no error in the trial court's scoring of OV 10.
>
>Similarly, we find no error in the trial court's scoring of 15 points for OV 19. Fifteen points are to be scored for OV 19 if "[t]he offender used force or the threat of force against another person or the property of another person to interfere with, attempt to interfere with, or that results in the interference with the administration of justice or the rendering of emergency services." MCL 777.49(b). The phrase "interfered with or attempted to interfere wtih the administration of justice" includes more than judicial proceedings. *Barbee, supra* at 287-288. It also encompasses the duties of law enforcement officers, which includes the investigation of crimes. *Id.* at 288. Therefore, "[c]onduct that occurs before criminal charges are filed can form the basis for interference, or attempted interference, with the administration of justice, and OV 19 may be scored for this conduct where applicable." *Id.* In *Barbee*, the Court upheld a ten-point score for OV 19 where the defendant provided a false name to the police.
>
>Here, the evidence of defendant's conduct in evading and physically resisting the police supported a 15-point score for OV 19.
>
>Additionally, we find no merit to defendant's argument that MCL 777.49 is void for vagueness. In *Barbee, supra* at 286, The Supreme Court found that the language of the statute was plain and unambiguous. Contrary to defendant's argument, the statute identifies the type of behavior that is subject to scoring under OV 19 and does not confer unfettered discretion on the sentencing judge. *People v Hrilic*, 277 Mich App 260, 263; 744 NW2d 221 (2007).

Michigan Court of Appeals' decision, Docket #23, at 5-6.

The Michigan Court of Appeals' decision on these claims was not contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or did not result in a decision that was based upon an

unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, these habeas claims should be denied.

Petitioner claims that he was deprived of his right to the effective assistance of counsel. To prevail on an ineffective assistance of counsel claim, a convicted defendant must demonstrate (1) that counsel's errors were so serious that counsel was not functioning as counsel guaranteed by the Sixth Amendment, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688-96 (1984). Stated another way, this court is to decide whether petitioner's trial counsel's alleged failures were such egregious errors as to constitute ineffectiveness and whether the alleged failures were materially prejudicial. The Sixth Circuit has explained:

> The question for reviewing courts is whether counsel's errors have likely undermined the reliability of, and confidence in, the result. *Lockhart v. Fretwell*, 113 S.Ct. 838, 842-43 (1993). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *Strickland*, 466 U.S. at 691, *quoted in Smith v. Jago*, 888 F.2d 399, 404-05 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). In evaluating petitioner's claim, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc), cert. denied*, 113 S. Ct. 2969 (1993). Thus, the determinative issue is not whether petitioner's counsel was ineffective but whether he was so thoroughly ineffective that defeat was "snatched from the jaws of victory." *See id.*

*West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996).

The Michigan Court of Appeals found that Petitioner's trial counsel was not ineffective:

> Defendant argues that trial counsel was ineffective to the extent that he failed to preserve any of the foregoing issues...having considered defendant's various trial and sentencing issues and having found no error justifying appellate relief or resentencing, we likewise conclude that defendant has not established that counsel's failure to object deprived defendant of the effective assistance of counsel.

Michigan Court of Appeals' decision, Docket #23, at 6. The Michigan Court of Appeals also rejected Petitioner's argument that he was denied his constitutional right to proceed with the attorney of his choice. Petitioner claims that a conflict of interest arose between himself and trial counsel, Gail Benda, leading to the firing of Benda. Petitioner states that because his mother re-hired Benda without his permission, this led to the destruction of an already agreed upon plea deal.

> Defendant argues that he had a serious conflict of interest with his attorney, Gail Benda, and that he was denied his constitutional right to proceed with the attorney of his choice. We find no merit to this argument.
>
> At the root of the Sixth Amendment's right to counsel is the defendant's right to select counsel of his own choosing. *United States v Gonzalez-Lopez*, 548 US 140, 147-148; 126 S Ct 2557, 2563; 165 L Ed 2d 409 (2006). Therefore, a defendant who does not require the appointment of counsel has the right to choose who will represent him. *Id.* at 144. A violation of this right is established when the defendant is erroneously prevented from being represented by his lawyer of choice, regardless of the quality of representation he may receive from another lawyer. *Id.* at 148.
>
> In this case, Benda was originally appointed to represent defendant, but was subsequently replaced by retained counsel, Damian Nunzio. Later, however, Nunzio was discharged and Benda was retained to represent defendant. On the day before trial, another retained attorney, Bruce Lincoln, filed an appearance as co-counsel for defendant. Benda and Lincoln both indicated that it was defendant's preference for them to jointly represent defendant at trial. Defendant was asked if he had anything to say, but declined comment.
>
> Although defendant now argues that he was happy with Nunzio as his attorney and was dissatisfied with Benda, who allegedly had a conflict of interest that prevented her from adequately representing defendant, defendant never raised the issue of a conflict of interest

17

> during the proceedings below. Defendant claims that Benda "bribed" his mother into retaining Benda, and that he was unaware of these events until after trial. However, defendant was aware that Benda was retained and, therefore, would have realized that she was being paid by someone else if defendant was not paying her directly. Furthermore, on the day before trial, the trial court accepted the appearance of Lincoln to act as defendant's co-counsel at trial. Defendant does not allege any conflict with Lincoln, and he fails to explain how his right to proceed with counsel of his choice was violated when trial court allowed Lincoln to represent defendant as co-counsel. In addition, when the court accepted Lincoln's appearance, Benda explained that she had offered to withdraw, but according to both Benda and Lincoln, it was defendant's preference that she continue to represent him at trial as co-counsel with Lincoln. Defendant was given an opportunity to address the court on this matter, but declined to do so. For these reasons, the record does not support defendant's claim that Benda was improperly allowed to represent him despite a serious conflict of interest or that he was denied his right to proceed with counsel of his choice.

Michigan Court of Appeals' decision, Docket #23, at 7. The Michigan Court of Appeals' decision was not contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, Petitioner's ineffective assistance of counsel claims should be denied.

Petitioner claims he was denied his state and federal constitutionally protected rights to effective assistance of appellate counsel. To succeed in this claim, any error made by appellate counsel must rise to the level of ineffective assistance of counsel under the standard of *Strickland v Washington*. Petitioner asserts that his appellate counsel failed to raise additional arguments on direct appeal. Petitioner's appellate counsel raised eight issues in his appeal of right in the Michigan Court of Appeals. The United States Supreme Court has held that failure to raise every colorable claim does not constitute ineffective assistance of counsel: "A brief that raises every colorable issue runs the risk of burying good arguments–those that, in the words of the great advocate John W.

18

Davis, 'go for the jugular'– in a verbal mound made up of weak contentions." *Jones v Barnes*, 463 U.S. 745, 753 (1983). Furthermore, Petitioner filed a Pro Se Standard 4 Supplemental Brief with four additional claims which the Michigan Court of Appeals subsequently addressed in their opinion. Petitioner has failed to show that appellate counsel's errors were so serious that counsel was not functioning as counsel guaranteed by the Sixth Amendment. Nor has Petitioner shown that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different

Petitioner asserts that the cumulative effect of multiple errors during the proceedings entitles him to a new trial. The Michigan Court of Appeals disagreed:

> Finally, defendant argues that even if a single error does not require reversal, the cumulative effect of multiple errors entitles him to a new trial. Only actual errors may be aggregated to determine if the effect of multiple errors deprived a defendant of a fair trial. *People v LeBlanc*, 465 Mich 575, 591 n 12; 640 NW2d 246 (2002). As explained in our analysis of the foregoing issues, defendant has not established that multiple errors occurred at trial. Therefore, he has failed to establish that he was prejudiced by the cumulative effect of several errors.

Michigan Court of Appeals' decision, Docket #23, at 8. The Michigan Court of Appeals' decision was not contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, this claim should be denied.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for

habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: August 25, 2011